**MOUNTAIN VIEW SANITARIUM CO. v. HUNTLEY, Collector of Internal Revenue.**

District Court, D. Oregon. November 14, 1927.

No. 9990.

Internal revenue ⊜⇒7(28)—Furniture being only capital used by sanitarium corporation held not to prevent it being "personal service corporation" (Revenue Act 1918, § 200 [Comp. St. § 6336⅛a]).

Capital of a corporation is not a material income-producing factor, so as to prevent it being a "personal service corporation," within Revenue Act 1918, § 200 (Comp. St. § 6336⅛a), no capital being used in the conduct of its sanitarium business, except $2,000 worth of furniture, and its current expenses being paid from fees received in advance from patients, and its income being attributable only to the reputation, skill, and activity of its stockholders.

At Law. Action by the Mountain View Sanitarium Company against Clyde G. Huntley, Collector of Internal Revenue. Judgment for plaintiff.

Carey & Kerr, Chas. E. McCulloch, and Ivan F. Phipps, all of Portland, Or., for plaintiff.

Millar E. Gilchrist, Asst. U. S. Atty., of Portland, Or., for defendant.

BEAN, District Judge. The only question in this case is whether the plaintiff is entitled to be classified for the purpose of taxation as a personal service corporation within the meaning of section 200 of the Revenue Act of 1918 (40 Stat. 1057 [Comp. St. § 6336⅛a]), which provides: "The term 'personal service corporation' means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor."

It is admitted by the defendant that the income of the plaintiff was to be ascribed primarily to the activities of its stockholders, and that they were actively engaged in the management of its affairs, but it is claimed that capital was a material income-producing factor in the business. The invested capital of a corporation may, to some extent, contribute to its income without taking it out of the personal service class. To do so, it must be a material income-producing factor. The test, as stated by Judge Hickenlooper in Hubbard-Ragsdale Co. v. Dean (D. C.) 15 F.(2d) 410, is whether the corporation necessarily "requires capital for, and in fact uses it in, the conduct of the business. If the nature of the business is such that it cannot be carried on at all without the constant use of capital, and such use of capital plays a vital part in the successful conduct of the business, it cannot be said that its use in the business is merely incidental"; but "where the intrinsic nature of the business is the rendition of a 'service' to another, as in the case of real estate brokers, lawyers, doctors, or even artisans, who need not supply materials, the use of capital is merely incidental. The individual thus sells only experience, knowledge, or skill, intangible in its nature and existing independent of capital, either in the sense of money or other tangible property."

Now in this case no capital invested or borrowed was used in the conduct of the plaintiff's business, except $2,000 worth of furniture, and it cannot be said to have been a material income-producing factor; indeed, so far as the evidence discloses, the current expenses of the business were not paid from capital furnished or advanced by the corporation or its stockholders, but from fees received in advance from patients, and the income of the corporation can be attributed only to the reputation, skill, and activity of its stockholders. The purpose of the statute is to place such corporations on an equality, for the purpose of taxation, with partnerships, for the situation of their stockholders is closely analogous to that of an active partner in an important business.

It follows, therefore, that the plaintiff is entitled to a judgment; and it is so ordered.